DENNIS JACOBS, Circuit Judge,
joined by JOSÉ A. CABRANES, REENA RAGGI, DEBRA ANN LIVINGSTON, and GERARD E. LYNCH, Circuit Judges,
dissenting from the denial of rehearing in banc:
I respectfully dissent from denial of rehearing in banc. The panel opinion in this appeal is in taut tension with our earlier opinion in Norex Petroleum Ltd. v. Access Industries, Inc., 631 F.3d 29 (2d Cir.2010) (per curiam). The resulting instability will likely require in banc review to reconcile *128 these precedents, or to jettison one of them.
Both cases address the extraterritorial application of the Racketeer Influenced and Corrupt Organizations Act (“RICO”), 18 U.S.C. § 1961 et seq. They reach dissonant conclusions as to: (1) whether RICO may apply extraterritorially, compare Norex, 631 F.3d at 31, with European Cmty. v. RJR Nabisco, Inc., 764 F.3d 129, 136 (2d Cir.2014); (2) whether Supreme Court precedent “forecloses [the] argument that because a number of RICO’s predicate acts possess an extraterritorial reach, RICO itself possesses an extraterritorial reach,” Norex, 631 F.3d at 33; compare id., with RJR Nabisco, 764 F.3d at 136; and (3) the very definition of an extraterritorial application of RICO, namely whether extraterritoriality turns on the foreign locus of the enterprise or the foreign locus of the predicate acts, compare Norex 631 F.3d at 31, 33, with RJR Nabisco, 764 F.3d at 136, 142.
The frequency of RICO litigation in this Circuit all but ensures that district courts will face vexing questions about this. Litigation on the fault lines of Norex and RJR Nabisco is likely to present “a controlling question of law as to which there is substantial ground for difference of opinion” and whose resolution “may materially advance the ultimate termination of the litigation.” 28 U.S.C. § 1292(b). Under such conditions, “district courts should not hesitate to certify an interlocutory appeal.” Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 111, 130 S.Ct. 599, 175 L.Ed.2d 458 (2009).